**In the United States District Court**
**for the District of Kansas**

---

Case No. 25-cv-02759-TC-ADM

---

TOLGA ULUSEMRE, ET AL.,

*Plaintiffs*

v.

MICHELLE MERRITT, ET AL.,

*Defendants*

---

# ORDER

Plaintiffs Tolga Ulusemre and Xiaolei Xu, proceeding pro se, sued two employees of the Kansas Department for Children and Families, Michelle Merritt and Ashley Beauchamp. Doc. 1; Doc. 1-1 at 1. Ulusemre and Xu claim that Merritt and Beauchamp, acting under color of state law, conspired with others to deprive them of their Fourteenth Amendment right to direct their children's education. Doc. 1-1 at ¶¶ 23–29. Merritt and Beauchamp have moved to dismiss the Complaint, Doc. 9, Ulusemre and Xu have moved to disqualify an attorney representing a nonparty, Doc. 34, and there are two discovery motions also pending. Docs. 24, 27. For the following reasons, Merritt and Beauchamp's motion to dismiss is granted, Ulusemre and Xu's motion to disqualify is denied, and the discovery motions are denied as moot.

## I

### A

Merritt and Beauchamp assert Ulusemre and Xu fail to allege a violation of a clearly established right. Doc. 9. That implicates Fed. R. Civ. P. 12(b)(6).[1] The standards governing the dispositive arguments

---

[1] The defendants cite Fed. R. Civ. P. 12(b)(1), which concerns subject-matter jurisdiction. Qualified immunity does not implicate a court's jurisdiction to

being made have been described in orders previously filed in the related cases and need not be repeated here. *Ulusemre v. Hatley*, No. 25-2407, 2026 WL 2624077, at *1-2 (D. Kan. July 31, 2026); *Ulusemre v. Yannacito*, No. 25-2709, 2026 WL 2583015, at *1 (D. Kan. July 31, 2026); *Ulusemre v. Brewer*, No. 25-2708, 2026 WL 2178972, at * 1 (D. Kan. July 29, 2026).

**B**

Ulusemre and Xu reside in the Blue Valley School District with their two sons, A.U. and D.U. Doc. 1 at 1; Doc. 1-1 at ¶¶ 1–5.[2] They have sued Blue Valley, many of its employees, and a widening circle of people in a series of cases arising from their sons' experiences in elementary school. *See, e.g.*, *Ulusemre v. Kan. State Dep't of Educ.*, No. 24-cv-04095-TC (D. Kan.).[3] In this suit, they have sued Michelle Merritt and Ashley Beauchamp in their individual capacities for conduct undertaken in their roles as employees of the Kansas Department for Children and Families.

Accepting the allegations in the Complaint as true, the family's difficulties began in February 2023. D.U.'s then-teacher told another Blue Valley employee that A.U. "was trying to make bombs" and that D.U. "was going to shoot up the school." Doc. 1-1 at ¶ 2. That employee filed a police report, and the ensuing criminal investigation, in the Complaint's words, "unequivocally revealed that both A.U. and D.U.

---

consider a dispute; it only protects a defendant from being haled into court or answering for damages. *See Kapinski v. City of Albuquerque*, 964 F.3d 900, 904 (10th Cir. 2020). As a result, the motion to dismiss arises under Rule 12(b)(6). *See Morphew v. Chaffee Cnty., Colorado*, 172 F.4th 802, 813 (10th Cir. 2026) (analyzing qualified immunity under Rule 12(b)(6)).

[2] All references to the parties' filings are to the page numbers assigned by CM/ECF.

[3] Ulusemre and Xu have filed several lawsuits concerning these events. They include the following: *Ulusemre v. Kansas State Department of Education*, No. 5:24-cv-04095 (D. Kan.); *Ulusemre v. USD 229 Blue Valley*, No. 2:25-cv-02278 (D. Kan.); *Ulusemre v. Hatley*, No. 2:25-cv-02407 (D. Kan.); *Ulusemre v. USD 229 Blue Valley*, No. 2:25-cv-02669 (D. Kan.); *Ulusemre v. Brewer*, No. 2:25-cv-02708 (D. Kan.); *Ulusemre v. Yannacito*, No. 2:25-cv-02709 (D. Kan.); *Ulusemre v. Norris*, No. 2:25-cv-02710 (D. Kan.); and *Ulusemre v. Crouse*, No. 2:26-cv-02358 (D. Kan.). Familiarity with those claims is assumed.

were completely innocent of the allegations against them." *Id.* at ¶ 3. Blue Valley nonetheless transferred both children to a different school *Id.* at ¶ 5. Both children allegedly developed anxiety and were mistreated in their new schools, and D.U. developed "serious school avoidance issues." *Id.* at ¶¶ 6–7.

In April 2023, after D.U. stopped attending school, Ulusemre and Xu "reached out" to the Department for Children and Families. Doc. 1-1 at ¶ 8. Around the same time, Blue Valley reported the family to the Department for child neglect and reported D.U.'s truancy to the District Attorney's Office. *Id.* at ¶¶ 8–9. In May 2023, Merritt visited the family. *Id.* at ¶ 10. Ulusemre and Xu initially believed she was there to investigate their complaints about Blue Valley, but it "turned out" that she was there to investigate Blue Valley's report about them. *Id.* Merritt allegedly told them that schools were outside the Department's investigative jurisdiction, that D.U. had to attend school "regardless of whether he was abused at school or not," and that abuse would make D.U. "stronger," as it had made her stronger. *Id.* at ¶ 11. Ulusemre and Xu took this as a suggestion that they overprotected D.U. *Id.*

In fall of 2023, Blue Valley reported D.U.'s truancy to the District Attorney's Office, which resulted in "official truancy and educational neglect accusations" against the parents in the fall of 2023 and the spring of 2024. Doc. 1-1 at ¶ 12. The judge presiding over the truancy proceeding reported the family to the Department for educational neglect in early 2024, and Merritt began investigating that report, too. *Id* at ¶ 14; Doc. 1-2 at 1. During her investigation, Merritt allegedly repeated the views she had expressed the prior spring, namely, that schools sat outside the Department's jurisdiction, that D.U. had to attend school, and that adversity builds character. Doc. 1-1 at ¶ 15. She also visited the children at their schools and asked them questions such as "Do your parents hit you?" and "Do you know why your brother doesn't go to school?" Ulusemre and Xu characterize those questions as "leading and suggestive" attempts to "dig up dirt" on them. *Id.* at ¶¶ 17–18. And in February 2024, Merritt "pushed [Ulusemre and Xu] to obtain" the mental-health evaluations that the truancy judge had directed. *Id.* at ¶ 19. From this, Ulusemre and Xu infer that Merritt "was totally informed about the schemes taking place in Plaintiffs' truancy proceedings." Doc. 1-1 at ¶ 19.

In late February 2024, Ulusemre removed D.U. from Blue Valley and registered him for homeschooling, "succumbing to the pressures the family had been receiving from Blue Valley and its proxies/allies,

namely DCF, the D.A.'s Office, Judge Jennifer Ashford, Dennis Stanchik, the Guardian Ad Litem the truancy court assigned to D.U., and Johnson County Mental Health Center." Doc. 1-1 at ¶ 20. After that, "[t]he push for mental evaluations, truancy charges, as well as the child neglect investigation against Plaintiffs all stopped." *Id.* at ¶ 21.

In April 2024, the Department closed its investigation, finding the educational-neglect allegation against Ulusemre and Xu "[u]nsubstantiated." *Id.* at ¶ 16; Doc. 1-2 at 1. The notice of that finding lists Beauchamp as its author. Doc. 1-2 at 1. Ulusemre and Xu allege that Beauchamp, as Merritt's supervisor, "knew and approved, if not instructed," Merritt's conduct, an inference they draw from Merritt's text message that she would pass their information along to her supervisor. Doc. 1-1 at ¶ 22; Doc. 1-5 at 3–4.

### C

Based on the foregoing, Ulusemre and Xu filed this suit. Doc. 1. The Complaint brings a 42 U.S.C. § 1983 claim alleging that Merritt and Beauchamp, acting under color of law, "conspired with Blue Valley, the D.A.'s Office, Dennis Stanchik, Judge Jennifer Ashford, and JCMHC, to force D.U. out of school between December, 2023 and February, 2024," that their conduct was "malicious, outrageous, and shocking to the conscience," and that their "initiation of the imposition of the power of the state on the Plaintiffs['] private lives" violated the parents' Fourteenth Amendment right to substantive due process. Doc. 1-1 at ¶¶ 24–28.

Four motions are pending. Merritt and Beauchamp have moved to dismiss. Doc. 9. Ulusemre and Xu have moved to disqualify Stephanie Lovett-Bowman, an attorney who has appeared on behalf of nonparty Blue Valley to respond to a subpoena Ulusemre and Xu served on the district. Doc. 34 at 1; Doc. 35 at 1. And, the parties have filed competing discovery motions. Docs. 24, 27.

## II

The Complaint does not plausibly allege that Merritt and Beauchamp violated a clearly established constitutional right. As a result, their motion to dismiss is granted. In addition, the motion to disqualify is denied because identifies no basis on which any attorney could be disqualified And finally, the discovery motions are denied as moot.

**A**

Invoking 42 U.S.C. § 1983, Ulusemre and Xu allege that the Merritt and Beauchamp's conduct violated their Fourteenth Amendment. Doc. 1-1 at ¶¶ 23–29. The contentions against Merritt and Beauchamp are substantively indistinguishable from the ones made in the prior, related cases. And as there, they fail here for the same reasons: Ulusemre and Xu fail to allege conduct that implicates (much less violates) a fundamental right, fail to suggests Merritt and Beauchamp's conduct was anything but responsive to a legitimate interest and pursued through rational means, fails to identify any conduct that is outrageous, and fails to identify any authority that would have given Merritt and Beauchamp fair warning that their conduct was unlawful. *See Ulusemre v. Yannacito*, No. 25-2709, 2026 WL 2583015, at *6-10 (D. Kan. July 31, 2026) (analyzing in full and rejecting the same types of allegations against similarly situated defendants).

**B**

Ulusemre and Xu also move to disqualify Stephanie Lovett-Bowman, the attorney who has entered an appearance on behalf of Blue Valley, an entity not in this suit. Doc. 34; *see* Doc. 25. Once again, this request lacks merit. *See e.g., Ulusemre v. Kan. State Dep't of Educ.*, No. 24-4095-TC, Doc. 222 (D. Kan. June 30, 2026) (denying motion to disqualify Blue Valley's counsel); *see also Ulusemre v. Yannacito*, No. 25-cv-02709-TC (D. Kan. July 31, 2026) (denying motion to disqualify defense counsel). Indeed, in multiple other cases Ulusemre and Xu recently moved to disqualify Lovett-Bowman, with no substantiation whatsoever, on identical grounds. Their motions in this case are denied for substantially the same reasons *See e.g., Ulusemre v. Kan. State Dep't of Educ.*, No. 24-4095-TC, Doc. 256 (D. Kan. September 17, 2026) (denying request to disqualify on identical grounds); *See e.g., Ulusemre et al. v. Crouse*, No. 26-02358-JWB, Doc. 48 (D. Kan. September 18, 2026) (same).

**C**

Finally, two discovery motions remain. Merritt and Beauchamp have moved for a protective order, Doc. 24, and Ulusemre and Xu have moved to compel Blue Valley, a nonparty, to produce its emails about the family and the February 2023 incident in response to a subpoena, Doc. 27. Those motions are denied as moot because they concern the claim that has been dismissed.

**III**

For the foregoing reasons, the defendants' motion to dismiss, Doc. 9, is GRANTED. Ulusemre and Xu's motion to disqualify counsel, Doc. 34, is DENIED. Merritt and Beauchamp's motion for a protective order, Doc. 24, and Ulusemre and Xu's motion to compel, Doc. 27, are DENIED AS MOOT.

It is so ordered.

Date: September 24, 2026

s/ Toby Crouse
Toby Crouse
United States District Judge